

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00549-CV

**IN THE INTEREST OF J.I.P.**, A.R.P., S.R.P., I.S.P., and F.A.P., Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA02732
Honorable Richard Garcia, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Irene Rios, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: April 7, 2021

AFFIRMED

Appellant appeals the trial court's order terminating his parental rights to his five children.

On appeal, appellant challenges the legal and factual sufficiency of the evidence to support the

trial court's findings on the predicate statutory grounds.  We affirm.

### BACKGROUND

On December 5, 2018, the Texas Department of Family and Protective Services

("Department") filed a petition to terminate appellant's parental rights as the father of J.I.P.,

A.R.P., S.R.P., I.P., and F.A.P.[1]  The Department sought termination pursuant to multiple predicate

grounds under Texas Family Code section 161.001(b)(1).

---

[1] The children's mother voluntarily relinquished her parental rights.

The evidence is undisputed that the Department could not find appellant to serve him. Sharmin Wilson, the Department caseworker, stated the Department tried to locate appellant through a FNDRS computer search, but no other information about him was found. After multiple attempts at service, appellant was ultimately served by posting notice on the courthouse door.[2] Outlining additional attempts to locate the appellant at the October 2020 termination hearing,[3] Wilson testified that she last had contact with appellant the previous February and March. Since that date, the Department was unable to contact him via telephone or email. Wilson said the telephone number she had for appellant was a working number at which she could leave voice messages or to which she could send text messages. According to Wilson, her contact information never changed while the case was pending and the appellant had her information. Appellant returned only one text message saying he would be in contact. Wilson admitted she could not verify that appellant was the person who returned her text message. No other messages were returned or sent and appellant never contacted her.

Wilson stated the Department created a service plan for appellant, but he has not completed any of his services and has had no contact with the children during the entirety of the case. Appellant also never indicated a desire to see his children. According to Wilson, appellant has not demonstrated he can provide the children with a safe and stable home environment.

The trial court terminated appellant's parental rights pursuant to Family Code section 161.001(b)(1), subsections (N) (constructive abandonment) and (O) (failure to comply with provisions of court order). The trial court also found that termination of appellant's parental rights was in the children's best interest. On appeal, appellant challenges the legal and factual sufficiency

---

[2] Appellant's last known address was a Salvation Army location, but the Department could not find him.

[3] Appellant, although not present at the hearing, was represented by counsel.

of the evidence in support of both predicate grounds. He does not challenge the sufficiency of the evidence in support of the best interest finding.

## STANDARD OF REVIEW

To terminate parental rights, the Department has the burden to prove by clear and convincing evidence: (1) one of the predicate grounds in subsection 161.001(b)(1), and (2) termination is in the best interest of the child. TEX. FAM. CODE §§ 161.001(b)(1-2), 161.206(a). The Family Code defines "clear and convincing evidence" to mean "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* § 101.007.

We review the legal and factual sufficiency of the evidence under the standards of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under these standards, the trial court as the factfinder is the sole judge of the weight and credibility of the evidence. *In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009).

## PREDICATE GROUND FOR TERMINATION

The Department sought termination pursuant to Texas Family Code section 161.001(b)(1), subsections (N) and (O), and the trial court terminated appellant's parental rights on both grounds. Only one predicate act under section 161.001(b)(1) is necessary to support a judgment of termination in addition to the required finding that termination is in the children's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Because we conclude the evidence supports a finding under subsection (N), we address only that section.

Subsection (N) requires the Department to show, by clear and convincing evidence, that the children have been in the permanent or temporary managing conservatorship of the Department for not less than six months and (i) the Department made reasonable efforts to return the children to their father; (ii) their father did not regularly visit or maintain significant contact with the

children; and (iii) the father demonstrated an inability to provide the children with a safe environment. *See* TEX. FAM. CODE § 161.001(b)(1)(N). "The first element focuses on the Department's conduct; the second and third elements focus on the parent's conduct." *In re A.L.H.*, 468 S.W.3d 738, 744 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

On appeal, appellant does not dispute that his children were in the temporary conservatorship of the Department for at least six months. Instead, he contends the Department did not make reasonable efforts to return the children to him because there is no evidence the Department made contact with him regarding his service plan or that he knew about the service plan. Appellant also contends there is little to no evidence that he did not regularly visit or maintain contact with the children. Finally, appellant contends that because the Department could not locate him to serve process, there is no evidence regarding whether his living conditions were safe and stable.

## A.    Reasonable Efforts to Return the Children to Appellant

"In evaluating the Department's efforts to return a child to a parent, 'the question is whether the Department made reasonable efforts, not ideal efforts.'" *In re Z.F.S.*, 04-20-00489-CV, 2021 WL 603372, at *3 (Tex. App.—San Antonio Feb. 17, 2021, no pet. h.) (mem. op.) (citation omitted). The Department's preparation and implementation of a family service plan for the parent is considered a reasonable effort to return a child to its parent if the parent has been given a reasonable opportunity to comply with the terms of the plan. *See M.C. v. Tex. Dep't of Family & Protective Servs.*, 300 S.W.3d 305, 310-11 (Tex. App.—El Paso 2009, pet. denied) (holding "preparation and administration" of service plan showed "Department made reasonable efforts" at reunification); *In re M.R.J.M.*, 280 S.W.3d 494, 505 (Tex. App.—Fort Worth 2009, no pet.) (holding same); *In re K.M.B.*, 91 S.W.3d 18, 25 (Tex. App.—Fort Worth 2002, no pet.) (holding Department's preparation of several service plans designed to help parent regain custody of child

and parent's failure to complete requirements of the service plans constituted "reasonable efforts" on State's part to return the child to the mother).

Here, the State filed its petition on December 5, 2018, and the termination hearing commenced on August 19, 2020. The trial court admitted into evidence a copy of the March 18, 2019 service plan prepared for appellant. The service plan required appellant to complete the following tasks and services: maintain contact with the caseworker; refrain from criminal activity; participate in parenting classes and demonstrate learned behaviors; maintain safe and stable housing and employment; participate in individual therapy and follow all recommendations; complete a psychosocial assessment and follow all recommendations; submit to random drug tests; and complete a substance abuse assessment and follow all recommendations. Additionally, the service plan outlined that "failure to engage in the services being requested by the [D]epartment or ability to achieve the goals of the service plan may result in [appellant's] rights being restricted or terminated." Wilson testified appellant never visited with his children during the pendency of the case, communicated with her only twice during the pendency of the case, and did not complete any requirement of his plan.

On this record, we conclude a reasonable factfinder could form a firm conviction or belief that appellant's refusal to maintain contact with the Department and his refusal to perform any part of his service plan "constitute[d] an unwillingness to complete the service plan as well as a rejection of the services offered in the plan." *In re G.T.*, 02-17-00279-CV, 2017 WL 6759036, at *4 (Tex. App.—Fort Worth Dec. 28, 2017, no pet.) (mem. op.) (same). Therefore, we hold the evidence is legally and factually sufficient to establish the Department made a reasonable effort to return appellant's five children to him. *See Z.F.S.*, 2021 WL 603372, at *3 (caseworker arranged for service providers to contact appellant but they were unable to do so because he "went missing" shortly after the Department explained his service plan to him, he did not respond to the

Department's subsequent attempts to contact him, and did not begin working his service plan); *In re D.A.*, 02-09-00460-CV, 2010 WL 3618718, at *4 (Tex. App.—Fort Worth Sept. 16, 2010, no pet.) (mem. op.) ("It is apparent from the record that the Department made all reasonable efforts to return D.A. to Terrance. The Department contacted Terrance, but Terrance did not take any action to visit or get custody of D.A. Furthermore, a diligent search was made to locate Terrance. Terrance disconnected his phone, and . . . the Department [did not know] how to reach him. Additionally, the Department attempted to serve Terrance at two different addresses."); *G.T.*, 2017 WL 6759036, at *4 (holding that from "this undisputed evidence, a reasonable fact finder could form a firm conviction or belief that [m]other did not understand her service plan and did not have access to classes and services because she ran away—not because the Department failed to explain the service plan and provide access to classes and services.").

**B.     Regular Visits or Significant Contact with the Children**

"A parent fails to regularly visit or maintain significant contact with the child if the parent fails to take advantage of the visitation rights or if the visits are intermittent or sporadic." *In re S.S.*, 11-05-00083-CV, 2006 WL 1285125, at *3 (Tex. App.—Eastland May 11, 2006, no pet.) (mem. op.). Here, the evidence is undisputed that appellant had no contact with his children for the entirety of the almost two-year case; therefore, a reasonable factfinder could form a firm conviction or belief that appellant did not regularly visit or maintain significant contact with the children. *See In re K.G.*, 350 S.W.3d 338, 355 (Tex. App.—Fort Worth 2011, pet. denied) (deeming evidence factually sufficient to support this element where it was undisputed parent had not seen the child in almost five months prior to trial); *M.C.*, 300 S.W.3d at 310 (holding mother did not regularly visit or maintain significant contact with the child when she visited only six to eight times in a twelve-month period); *In re J.J.O.*, 131 S.W.3d 618, 628-29 (Tex. App.—Fort Worth 2004, no pet.) (holding evidence legally and factually sufficient to support finding that

mother had not regularly visited or maintained significant contact with the child when mother made only twelve visits during a nine-month period).

### C. Inability to Provide the Children with a Safe Environment

"When determining whether a parent has demonstrated an inability to provide a child with a safe environment, the factfinder may consider the parent's participation in services and visitation, lack of stable housing, missed opportunities for counseling, psychological evaluation, and past substance abuse." *C.G. v. Tex. Dep't of Family & Protective Servs.*, No. 03-18-00852-CV, 2019 WL 3367524, at *8 (Tex. App.—Austin July 26, 2019, no pet.) (mem. op.). "The failure to complete a family service plan demonstrates an inability to provide a child with a safe environment." *In re A.K.L.*, 01-16-00489-CV, 2016 WL 7164065, at *7 (Tex. App.—Houston [1st Dist.] Dec. 8, 2016, pet. denied) (mem. op.); *J.J.O.*, 131 S.W.3d at 630 (appellant failed to maintain steady housing or employment, only attended half of her parenting classes, and she missed the opportunity for counseling and a psychological evaluation when she disappeared for three months). Here, there is no dispute that appellant did not attempt to start, much less complete, his service plan, and his failure to maintain contact with the Department resulted in the Department's inability to confirm he had stable housing.

We may also consider a parent's failure to maintain contact with the Department when determining whether a parent has not demonstrated the ability to provide a safe environment. *See In re A.H.*, No. 09-19-00167-CV, 2019 WL 4865196, at *5 (Tex. App.—Beaumont Oct. 3, 2019, no pet.) (mem. op.) (considering parent's failure to maintain contact with the Department or complete any services in safe environment analysis). In addition to not maintaining contact with the Department, the Department also presented evidence that appellant could not be located despite several attempts to contact him.

On this record, we conclude a reasonable factfinder could form a firm conviction or belief that appellant failed to demonstrate an ability to provide his children with *any* environment, much less a safe environment.

## CONCLUSION

Based on the above, we conclude the evidence is legally and factually sufficient to support the trial court's finding that appellant constructively abandoned his five children. Therefore, we overrule appellant's issues on appeal and affirm the trial court's judgment.

Lori I. Valenzuela, Justice